UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEATRICE SHIRLEY WILLIAMS STEELE,

                         Plaintiff,

                -against-

NYC BUSINESS CENTERS, DEPARTMENT
OF FINANCE,

                         Defendant.

22-CV-7584 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO
REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, alleging that Defendant violated her constitutional rights. By order dated September

8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without

prepayment of fees. For the following reasons, the Court dismisses this action for failure to state

a claim, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In this complaint, Plaintiff is challenging fees imposed as a result of traffic violations.

According to Plaintiff, "[d]ebt of violation of ticket were paid twice even after a hearing issued

dismissal." (ECF 2 ¶ IA.) Plaintiff seeks to be "refunded" $1,000, and $8 million in damages.

(*Id.* ¶ III.) The named defendant is New York City Business Centers, which appears to be part of

the New York City Department of Finance.[1]

---

[1] Plaintiff has filed a number of prior *pro se* actions in this court. *See Steele v. Equifax*,
ECF 1:19-CV-4106 (MKV) (S.D.N.Y. filed May 7, 2019) (motion to dismiss pending; Plaintiff
submitted a letter on June 25, 2021 requesting a stay because of "tumors in [her] brain." (Doc.
47); *Steele v. Combined Life Ins. Co. of New York Chubb*, ECF 1:20-CV-10252, 4 (LLS)
(S.D.N.Y. Mar. 24, 2021) (dismissing complaint for lack of subject matter jurisdiction); *Steele v.
Equifax*, ECF 1:21-CV-5997, 59 (JMF) (S.D.N.Y. July 1, 2022) (dismissing complaint with
prejudice under stipulation); *Steele v. Saks Fifth Ave.*, ECF 1:12-CV-4691, 5 (LAP) (S.D.N.Y.
Aug. 7, 2012) (dismissing complaint for failure to state a claim on which relief may be granted);

**DISCUSSION**

The Court construes Plaintiff's complaint as asserting a constitutional claim under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.      New York City Business Centers, Department of Finance**

Plaintiff's claims against the New York City Business Centers, Department of Finance must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the New York City Department of Finance. 28 U.S.C. § 1915(e)(2)(B)(ii). As explained in the next section, the claims are insufficient even if treated as brought against the City of New York.

---

*Steele v. TransUnion*, ECF 1:12-CV-310, (GBD) (JCF) (S.D.N.Y. Feb. 10, 2015) (adopting report and recommendation, granting motion for judgment on the pleadings, and dismissing complaint with prejudice), *aff'd*, 15-0569-cv (2d Cir. May 6, 2016); *Williams-Steele v. Veteran's Admin. Benefits (Claims)*, ECF 1:12-CV-47, 4 (LAP) (S.D.N.Y. Jan. 13, 2012) (dismissing complaint for lack of subject matter jurisdiction); *Williams Steele v. Transunion*, ECF 1:10-CV-6749, 29 (PGG) (S.D.N.Y. Apr. 27, 2011) (dismissing complaint under stipulation), *denying Plaintiff's motion for reconsideration* (S.D.N.Y. Jan. 5, 2012).

**B.**     **City of New York**

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a

municipality under Section 1983, it is not enough for the plaintiff to allege that one of the

municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,*

563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this

section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or

'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*

*of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir.

2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v.*

*Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

There are no facts in the complaint suggesting that a municipal policy, custom, or

practice led to the violation of Plaintiff's federally protected rights. The complaint therefore fails

to state a claim upon which relief may be granted against the City of New York.

**C.**     **Due process**

The Court liberally construes the complaint as alleging, under Section 1983, a violation

of her right under the Fourteenth Amendment to procedural due process. To state a procedural

due process claim, a plaintiff must "demonstrate that [she] possessed a protected liberty or

property interest, and that [she] was deprived of that interest without due process of law." *Hynes*

*v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir.

2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a

meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970)

(citations omitted). Generally, when the deprivation at issue is pursuant to established state

procedures, due process only requires some kind of hearing prior to a final deprivation of an

individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n,*

*Inc.*, 452 U.S. 264, 299 (1981); *Rivera-Powell v. New York City Board of Elections*, 470 F.3d

458, 465 (2d Cir. 2006); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Numerous district courts in this Circuit have concluded that "the City's administrative

parking violations system, together with the judicial system of the State of New York, provide[ ]

adequate pre-deprivation remedies, adequate post-deprivation remedies, and sufficient notice that

such remedies were available." *Rackeley v. City of New York*,186 F. Supp. 2d 466, 482

(S.D.N.Y. 2002); *see also Yu Juan Sheng v. City of New York*, No 05-CV-1118 (RRM), 2009

WL 6871132, at *9 (E.D.N.Y. 2009) (holding that New York City's procedures for serving and

filing summonses, and entering and enforcing judgments afford "adequate notice and an

opportunity to be heard before [a] car [i]s seized."); *Jaouad et al., v. City of New York*, 4 F. Supp.

2d 311, 314 (S.D.N.Y. 1998) (an action under Article 78 of the New York Civil Practice Law

and Rules provides constitutionally sufficient opportunity for recipients of defective summons

for parking violation to be heard if administrative law judge did not vacate invalid ticket).

Moreover, case law demonstrates that individuals have successfully challenged parking tickets

issued in New York City through actions filed in state court under New York Civil Practice Law

and Rules Article 78. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d

117, 123 (E.D.N.Y. 2004) (listing cases).

Plaintiff does not assert any facts suggesting that the process available to is not sufficient

to comport with her constitutional right to due process.. Thus, even if Plaintiff asserted that a

municipal policy, custom, or practice resulting in a violation of her constitutional rights, she has failed to provide facts suggesting that her right to due process was violated. In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead her claim.

## CONCLUSION

For the reasons set forth in this order, Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to submit an amended complaint. An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:    October 24, 2022
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                         -against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                     (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                        State             Zip Code

_____

Telephone Number                  Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.